**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVINDER SINGH, | No. 15-72602 |
| Petitioner, | Agency No. A200-941-154 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2021[**]
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Petitioner Devinder Singh timely seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of

relief from removal. Reviewing the agency's factual findings for substantial

evidence, Mukulumbutu v. Barr, 977 F.3d 924, 925 (9th Cir. 2020), we deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

petition.

Substantial evidence supports the IJ's adverse credibility determination. During the merits hearing, Petitioner testified that he fled India because his father, who held the same political views as Petitioner, had been beaten so badly that he died and Petitioner feared the same fate. But during his credible-fear interview, given under oath and with the assistance of an interpreter, Petitioner stated that he did not know of anyone in his political party who had been harmed, and he did not mention his father's death. See Mukulumbutu, 977 F.3d at 926 (holding that a credible-fear interview may be considered when there are "sufficient indicia of reliability," such as when "the interviews were conducted under oath, with contemporaneous notes containing the questions asked, and transcribed . . . with the aid of an interpreter"). Contrary to Petitioner's inexplicable assertion on appeal, the typed, coherent notes from the credible-fear interview are neither "unreadable" nor "illegible." Neither the BIA nor the IJ was required to believe Petitioner's confusing explanation for why, during the credible-fear interview, he did not mention his father's death. Moreover, the agency permissibly concluded that the documentary evidence cast doubt on Petitioner's claim about the beating of his father.

Substantial evidence supports the BIA's conclusion that, without credible testimony, the remaining evidence in the record is insufficient to establish

2

eligibility for asylum, humanitarian asylum, withholding of removal, or relief under the Convention Against Torture.

**Petition DENIED.**