NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INDERJEET SINGH,<br><br>        Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   19-73165<br><br>Agency No. A089-294-396<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2021[**]
San Francisco, California

Before: TASHIMA and BUMATAY, Circuit Judges, and RAYES,[***] District Judge.

Inderjeet Singh, a citizen of India, petitions for review of the Board of

Immigration Appeals' denial of his claims for asylum, withholding of removal, and

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

CAT protection. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review adverse credibility determinations for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Since "credibility determinations are findings of fact" by the immigration judge ("IJ"), "they 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

An IJ "is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). This includes inconsistencies or inaccuracies "without regard to whether" it "goes to the heart of the applicant's claim." *Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The IJ must cite "specific instances in the record that support a conclusion that the factor undermines credibility." *Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020). Because the BIA adopted and affirmed the IJ's decision, we review the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (simplified).

1. Substantial evidence supports the IJ's adverse credibility determination here. For example, Singh testified that he was arrested at a political rally in 2006, but the IJ found that Singh "could not tell specific and coherent statements as to how his participation in the event transpired." Singh initially said he could not recall anything about how he got to the rally. Only after extended prodding by the IJ did Singh provide any details: that he rented a Jeep, that he went with seven or eight people, and that it took two and a half hours to get there. Even then, many details were still missing: Singh could not say if any other members of his political party participated in the rally, if his group leader was arrested, or the identities of anyone in the Jeep with him. Singh was given the opportunity to explain his vague and contradictory testimony, but he failed adequately to do so.

The IJ also identified multiple inconsistencies in Singh's account. *Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020); *see Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination.") (simplified). Singh testified on cross examination that, after his April 2000 arrest, the police instructed him to not participate in his political party, but that they never made such a threat to him again before he left India in 2008. Yet later "in that same cross examination," Singh alleged that the police repeatedly visited him after his arrest, accusing him of affiliating with militants and warning

him not to participate in political rallies. The IJ concluded that this was "a strong contradictory statement to his previous testimony."

Finally, the IJ noted that Singh's testimony "was not supported by reasonably obtainable corroborating evidence." *Huang*, 744 F.3d at 1155. Although Singh produced hundreds of pages of exhibits, none of the articles mentioned the rallies he claimed to have been arrested for attending. Singh submitted a letter from his political party that did not mention any arrests and torture that he testified occurred.[1]

2. Due to the adverse credibility determination, the IJ did not err in denying Singh's requests for asylum and withholding of removal. *Fermin*, 958 F.3d at 892–93 (holding that adverse credibility finding may be grounds to deny asylum and withholding of removal).

3. Nor did the IJ err in denying Singh relief under CAT. To be eligible for CAT protection, it must be "more likely than not" that the applicant will be tortured with the "acquiescence" of government officials if removed." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). In addition to the adverse credibility finding, the IJ looked to

---

[1] Singh claims he was not given an opportunity to respond to the IJ's concerns. But the IJ allowed Singh to submit more background documentation before the final hearing. The IJ did not "have to engage in multiple iterations of the opportunity to explain." *Rizk*, 629 F.3d at 1088.

Singh's background materials for any evidence of gross, flagrant, or mass violations of human rights that might apply to him. The IJ determined that the evidence showed that rank-and-file members of Singh's political party are not likely to be arrested and potentially exposed to torture. Singh cites to no evidence in the record compelling a contrary conclusion.

**DENIED.**