**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIUMEI LIU, | No.   19-73159 |
| Petitioner, | |
| | Agency No. A205-735-766 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2021[**]
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Xiumei Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") dismissal of her appeal from the Immigration

Judge's ("IJ") decision denying her applications for asylum and withholding of

removal.  Liu contends that Chinese officials forced her to have an abortion and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

that she fears persecution based on China's family planning policies. The IJ found that Liu was not credible, and the BIA upheld that adverse credibility determination. We review adverse credibility determinations for substantial evidence, which means they are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To uphold the adverse credibility determination, the BIA relied on two misrepresentations by Liu: (1) Liu submitted false work documents in support of her United States visa application; and (2) Liu misrepresented that she lived in Honolulu in her motion to change venue for her removal proceedings.

First, Liu explicitly admitted that she used false work documents to obtain her visa. Contrary to Liu's contention, substantial evidence supports that she submitted the false documents prior to her alleged forced abortion. *See Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) (explaining that "lies and fraudulent documents when they are [not] necessary for the immediate escape from persecution do support an adverse [credibility] inference"). Moreover, Liu was given an opportunity to explain why she submitted the false documents, and in response merely confirmed that she did so to obtain a tourist visa. *See Ren v. Holder*, 648 F.3d 1079, 1092 n.14 (9th Cir. 2011).

2

Second, Liu filed a motion to change venue from Los Angeles to Honolulu which stated that she had moved to Honolulu, but Liu testified that she did not start residing in Honolulu until over a year later. The record does not compel the conclusion that the BIA erred by rejecting Liu's explanation—that she planned to move to Honolulu after she finished massage school in Los Angeles—to justify why she misrepresented to the immigration court where she was currently living. The BIA also did not err in determining that Liu's misrepresentation about her residence was relevant to her credibility. *See Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) (holding that the petitioner's misrepresentations of his residence to change venue were relevant to his credibility because they showed "dishonesty with the immigration court" and were "more than typographical errors or utterly trivial inconsistencies"); *Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) (explaining that after the REAL ID Act, the basis for an adverse credibility determination "no longer need[s] to go to the heart of the petitioner's claim").

Finally, substantial evidence supports the BIA's determination that Liu's documents were insufficient to rehabilitate her testimony. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

In sum, substantial evidence supports the adverse credibility determination.

**PETITION FOR REVIEW DENIED**.