**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL CASTANEDA ARAUJO, | No. 20-70776 |
| Petitioner, | Agency No. A092-673-050 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 16, 2021
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

Miguel Araujo, a native and citizen of Mexico, petitions for review of the

denial of his applications for withholding of removal and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.[1]

Because the record does not compel the conclusion that Araujo is a credible

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide the appeal.

witness—nor does it compel the conclusion that he is eligible for withholding of removal or CAT relief—we deny the petition for review.

We review for substantial evidence an adverse credibility determination, *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020), as well as the denial of withholding of removal and CAT relief. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018).

1.     Araujo first challenges the agency's adverse credibility finding, asserting that his medical conditions caused his forgetfulness and that he should be deemed credible based on the totality of the circumstances. But Araujo's argument that his medical conditions caused him to repeatedly omit an alleged assassination attempt on his life until the middle of proceedings—one of the main bases for the agency's credibility determination—does not compel the conclusion that he is credible. The rest of Araujo's credible fear interviews and declaration (where the murder attempt was omitted) are full of clear, highly detailed information from Araujo's past, undermining his claimed memory problems. The agency's adverse credibility determination based on significant omissions and discrepancies between Araujo's written and oral testimony is supported by substantial evidence, and Araujo therefore fails to establish that he experienced past persecution.

2.     Araujo otherwise asks this court to grant his application for withholding of removal, but the record does not compel "that it is more likely than not that he

would be subject to persecution" on a protected ground. *Guo*, 897 F.3d at 1213 (citation omitted). For instance, although Araujo provided documentary evidence that his brother and a number of alleged colleagues have been killed or kidnapped in Mexico, the evidence does not identify who murdered or kidnapped them or the motives for such acts to establish a clear probability that Araujo will be persecuted on a similar ground. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) (requiring petitioner to show "by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal" (citation omitted)). There was also evidence of other colleagues—two witnesses who testified on Araujo's behalf—who engaged in similar activity and had not been harmed. Accordingly, the record fails to compel the conclusion that Araujo established eligibility for withholding of removal.

3.     Araujo finally argues that he is entitled to CAT relief, largely based on the same evidence he presents in support of his withholding of removal claim but also based on country conditions evidence. While the record reflects some human rights issues and problems for journalists in Mexico as a general matter, the evidence of Araujo's particular situation, together with the country conditions evidence, do not compel the conclusion that "it is 'more likely than not' that [he] will be tortured" if removed to Mexico. *Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(c)(2)).

The petition for review is **DENIED**.