NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIRDEVINDER SINGH TIWANA; et al., | No.   20-71634 |
| Petitioners, | Agency Nos.   A206-594-962 |
| v. | A206-594-963 |
| | A206-594-964 |
| MERRICK B. GARLAND, Attorney General, | A206-594-965 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2021[**]
San Francisco, California

Before:  WATFORD and HURWITZ, Circuit Judges, and BAKER,[***] International Trade Judge.

Birdevinder Singh Tiwana, his wife Rawinder Kaur Tiwana, and their two children, citizens of India, petition for review of a decision of the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Immigration Appeals ("BIA") affirming the order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1.　Substantial evidence supports the BIA's conclusion that the IJ committed no clear error in her adverse credibility determinations. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The IJ provided "specific and cogent reasons," *Perez-Arceo v. Lynch*, 821 F.3d 1178, 1186 (9th Cir. 2016), citing "specific instances in the record that form the basis of the adverse credibility finding," *Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010).

a.　First, Tiwana and Kaur each admitted to lying during the visa application process, which "casts doubt" on their credibility. *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Second, Tiwana provided testimony that the IJ reasonably found to be implausible. Tiwana testified that he returned to India from Singapore in 2009 despite a fear of persecution because police were bothering his wife and children. Despite this, the family remained in India for several years before coming to the United States. "It is well established in this court that an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution." *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008). Tiwana also testified that he had applied for his children's passports when the family had no intention of international travel,

2

because he and his wife already had passports. Because the passports were obtained soon after Tiwana was allegedly released from custody, the IJ found this explanation implausible. *See Lalayan v. Garland*, 4 F.4th 822, 836–37 (9th Cir. 2021) (An "IJ's implausibility finding will ultimately hinge on the application of a reasonable evaluation of the testimony and evidence based on common sense.").

b. These findings, considered in the "totality of the circumstances," provide substantial evidence to support the IJ's adverse credibility determination. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). The record does not compel a contrary conclusion. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).

2. In the absence of their rejected testimony, petitioners have not satisfied their burden to show persecution, a well-founded fear of future persecution, or likely torture if forced to return to India. *See id.* at 1091; *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). The BIA did not err in concluding that petitioners' affidavits were of limited probative value. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). Nor did the documentary evidence establish entitlement to relief.

**PETITION DENIED.**