NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KHIM BAHADUR KHADKA,<br><br>    Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.   17-72699<br><br>Agency No. A205-302-658<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2022*
San Francisco, California

Before:  WARDLAW, IKUTA, and BADE, Circuit Judges.

Khim Khadka, a native and citizen of Nepal, petitions for review of the

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an

Immigration Judge's (IJ) order denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT).  We have

jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.      Substantial evidence supports the agency's adverse credibility finding. The agency provided specific and cogent reasons for its adverse credibility determination. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Khadka's testimony at the hearing omitted significant details set forth in his written declaration concerning his participation in the Nepali Congress Party and the statements made by Maoists while attacking him—both important aspects of his claims for relief. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011); *see also Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) ("When an applicant supplies only vague assertions and gives few details at the merits hearing, the lack of detailed testimony can support an adverse credibility finding." (alteration and internal quotation marks omitted)). Khadka also testified inconsistently about whether he received help from a friend in drafting his declaration, further undermining his credibility. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926–27 (9th Cir. 2020). Finally, Khadka's testimony was inconsistent as to the date of his first attack at the hands of the Maoists, a fact that goes to the heart of his claim of persecution. *See id.*

2.      Substantial evidence supports the agency's finding that Khadka does not qualify for asylum, because the remaining evidence does not compel a contrary conclusion. *See* 8 C.F.R. § 208.13(a) (asylum applicant bears burden of proof for asylum eligibility); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Because Khadka failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021); *see also* 8 U.S.C. § 1231(b)(3).

3. We affirm the agency's denial of relief under CAT. Khadka bore the burden of demonstrating that he was more likely than not to be tortured if removed to Nepal. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a). Khadka provided no evidence that he had been tortured by or with the acquiescence of a Nepali government official. *See* 8 C.F.R. § 1208.16(c)(3)(i) (agency must consider evidence of past torture). The BIA determined that the record's country reports did "not establish that [Khadka] will more likely than not be singled out for torture with the acquiescence of the government upon his return," and the record does not compel a contrary conclusion.

**PETITION DENIED.**