**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QIANGQING HE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70206

Agency No. A208-957-858

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

QiangQing He, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' decision dismissing his appeal of an immigration

judge's order of removal and rejection of his claims of asylum and withholding of

removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). Under that standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). In assessing an adverse credibility finding, the court must look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Substantial evidence supports the agency's finding that He lacked credibility. First, He testified that he and his wife did not register their marriage with the local government because they "were too young and didn't have money" to pay the fine for out-of-wedlock pregnancies. The judge noted two inconsistencies between this claim and He's other testimony. First, at the time of the wedding, He was old enough to legally marry. Second, He testified that his first child was born in November 2002, so his wife could not have been pregnant with his child in January 2001, when the wedding took place. When asked to explain the inconsistencies, He repeated that his wife was pregnant in January 2001 and had her first child in November 2002. An inconsistency need not "go to the heart" of a claim in order to form the basis of an adverse credibility determination. *Shrestha v.*

*Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). But these issues do go to the heart of He's claim, so the Board reasonably gave them "great weight." *Id.* at 1046–47; *see Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021).

Second, in his asylum interview, He stated that he was hit twice and that "[t]o be honest I didn't really get injured. It wasn't serious." But before the immigration judge, He testified that he was hit multiple times, which resulted in his "ear membrane [being] destroyed" and "bleeding [from] the ear." When pressed to explain this inconsistency, He said "I thought it was not relevant or [a] big deal." Because He's explanation is not compelling, *see Li v. Garland*, 13 F.4th 954, 958–59, 961 (9th Cir. 2021), the Board permissibly relied on the fact that He changed his testimony to present a stronger story of persecution before the immigration judge, *see Mukulumbutu*, 977 F.3d at 927.

Finally, the immigration judge found that He's failure to present original documents or other corroborating evidence—despite having two years to prepare for the hearing—undermined his credibility. Because He did not challenge that finding before the Board, we cannot review it. 8 U.S.C. § 1252(d)(1); *see Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). The applicant bears the burden of establishing her claim for relief, 8 U.S.C. § 1158(b)(1)(B), and, in the absence of credible testimony or any other evidence, He did not carry that burden.

**PETITION DENIED.**