**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KENESS FALA MUKULUMBUTU,
*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,
*Respondent*.

No. 19-72499

Agency No.
A213-077-271

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 4, 2020[*]
Pasadena, California

Filed October 13, 2020

Before: Ronald M. Gould and Sandra S. Ikuta, Circuit
Judges, and David A. Ezra,[**] District Judge.

Opinion by Judge Gould

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

**SUMMARY**[***]

**Immigration**

Denying Keness Fala Mukulumbutu's petition for review of the Board of Immigration Appeals' dismissal of his appeal of an immigration judge's order of removal, the panel held that substantial evidence supported the denial of asylum and withholding of removal on adverse credibility grounds, and supported the denial of protection under the Convention Against Torture based on the lack of credible testimony and insufficient evidence regarding the likelihood of torture in the Democratic Republic of Congo to meet the burden of proof.

The panel held that there was sufficient indicia of reliability to permit the Board and this court to consider Mukulumbutu's interviews with a Customs and Border Patrol officer and an asylum officer because both interviews were conducted under oath, with contemporaneous notes containing the questions asked, and transcribed either by a French-speaking officer or with the aid of an interpreter.

The panel held that substantial evidence supported the adverse credibility determination based on inconsistencies, an omission, and implausibilities in the record. The panel further held that substantial evidence supported the determination that Mukulumbutu failed to rehabilitate his testimony with sufficient corroborating evidence, and that the Board did not err in concluding that some of the evidence

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Mukulumbutu provided was entitled to limited weight because it was from interested parties, none of whom were available for cross-examination.

The panel concluded that, without credible testimony, Mukulumbutu, could not establish a well-founded fear of persecution for asylum and withholding relief, and that the country conditions reports for the Democratic Republic of Congo and other corroborating evidence in the record did not meet the high threshold of establishing eligibility for CAT relief. The panel rejected Mukulumbutu's due process claims based on transcription problems and the agency's failure to consider testimony from his credible fear hearing, on the grounds that he failed to show prejudice.

## COUNSEL

Elizabeth A. Lopez, Southern California Immigration Project, San Diego, California, for Petitioner.

Joseph H. Hunt, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

GOULD, Circuit Judge:

Keness Fala Mukulumbutu petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

In reviewing an adverse credibility determination, we consider "the reasons explicitly identified by the BIA, and . . . the reasoning articulated in the IJ's . . . decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We review factual findings, including adverse credibility determinations, for substantial evidence. *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). Due process claims are reviewed *de novo*. *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014).

**I**

Mukulumbutu, a native of the Democratic Republic of the Congo ("DRC"), worked as a driver for Daniel Boteti, a politician in Kinshasa and a critic of the DRC government. After handing out political t-shirts for Boteti, Mukulumbutu was beaten and stabbed in the leg. On July 6, 2008, Mukulumbutu was driving Boteti when they were ambushed, and Boteti was shot and killed. Mukulumbutu fled to Angola, where he remained for nine years. In Angola, he began working for General Bento Kangama, but eventually fled to Brazil after Kangama sought revenge over Mukulumbutu's relationship with Kangama's niece. After five days in Brazil, Mukulumbutu encountered Kangama's nephew, who said he would seek revenge. Mukulumbutu then fled Brazil and attempted to enter the United States.

Upon arrival at San Ysidro, Mukulumbutu was interviewed by a Customs and Border Patrol (CBP) officer under oath and in French.  Mukulumbutu expressed a fear of returning to the DRC, and the CBP officer referred him to an asylum officer for a credible fear interview.  The asylum officer also interviewed Mukulumbutu under oath and in French with an interpreter.  The asylum officer determined that Mukulumbutu did not establish a credible fear of persecution or torture.  The Department of Homeland Security ("DHS") charged Mukulumbutu with removability as an immigrant who, at the time of admission, was not in possession of a valid entry or travel document.  8 U.S.C. § 1182(a)(7)(A)(i)(I).  Mukulumbutu applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  The IJ denied relief based on an adverse credibility determination and failure to provide sufficient corroborating evidence.  The BIA held that the IJ did not clearly err and further denied Mukulumbutu's due process claim.  Mukulumbutu now petitions our court for review.

## II

The BIA properly reviewed the IJ's credibility determination for clear error. *Guerra v. Barr*, 951 F.3d 1128, 1133 (9th Cir. 2020) (citing 8 C.F.R. § 1003.1(d)(3)(i)), *amended by* No. 18-71070, 2020 WL 5499914 (9th Cir. Mar. 3, 2020).  The BIA based its adverse credibility determination on relevant factors, including "the inherent plausibility" of Mukulumbutu's account and "the consistency between [his] written and oral statements" in his interviews and hearings, and his application for asylum and withholding of removal.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Contrary to Mukulumbutu's argument, there were sufficient indicia of reliability to permit the BIA and us to consider

both interviews because the interviews were conducted under oath, with contemporaneous notes containing the questions asked, and transcribed either by a French-speaking officer or with the aid of an interpreter. *See Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005).

Mukulumbutu's inconsistent testimony about his birth date[1] was not trivial because his identity was at issue. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) ("When an inconsistency is cited as a factor supporting an adverse credibility determination, that inconsistency should not be a mere trivial error."). Nor did his conflicting explanations resolve or adequately explain these inconsistencies. *See id.* ("[A]n IJ should consider . . . the petitioner's explanation for a perceived inconsistency."). Although "the normal limits of human understanding and memory" may in some cases excuse a person's failure to supply the correct date and time for a shooting, *see id.*, the inconsistencies about what Mukulumbutu did after the Boteti shooting were not trivial. He testified that he fled the scene of the shooting and took a taxi to his uncle's house but told the asylum officer that he took Boteti to the hospital. These inconsistencies concerned Mukulumbutu's contention that, as the only witness to Boteti's murder, he will be persecuted. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination."). Moreover, Mukulumbutu's omission of the fact that he was stabbed in the leg sharply undermined his credibility because the fact of the stabbing would have made his case for asylum

---

[1] Mukulumbutu presented conflicting birth years, including 1986, 1993, and 1990. At one point he said he was 23 years old, and at another he said he was 29 but then corrected himself to say he was 30.

a "more compelling . . . story of persecution than [the] initial application." *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). It is implausible that a credible witness seeking asylum would not have mentioned having been stabbed when interviewed at the border or at the credible fear interview. The BIA reasonably found that Mukulumbutu was not credible because of his inconsistent statements about why he left Brazil and also reasonably found it implausible that Mukulumbutu randomly encountered General Kangama's nephew at a Brazilian bus stop after only a few days in the country.

Substantial evidence also supports the BIA's decision that Mukulumbutu did not rehabilitate his testimony with sufficient corroborating evidence. The BIA did not err in concluding that the evidence Mukulumbutu provided was entitled to limited weight because the affidavit and letters provided were from interested parties—his father, Boteti's widow, and an acquaintance—none of whom was available for cross-examination. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Because the IJ found Mukulumbutu's testimony not credible, the IJ was not required to give Mukulumbutu notice and an opportunity to provide additional corroborating evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (citing 8 U.S.C. § 1158(b)(1)(B)(ii)–(iii)).

Without credible testimony or sufficient corroborating evidence, Mukulumbutu cannot show that he has a "well-founded fear of persecution" based on a protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A), 1229a(c)(4)(A). We deny Mukulumbutu's petition for review with respect to his claim for asylum and also his withholding of removal claim. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th

Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

## III

"An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. We have held that even where an applicant has been deemed not credible, "country conditions alone can play a decisive role in granting relief under the Convention." *Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001). Absent credible testimony, Mukulumbutu's CAT claim rests on country conditions reports and other corroborating evidence in the record including the letters from his family and acquaintances. This evidence does not meet the high threshold of establishing that it is more likely than not that Mukulumbutu will be tortured by or with the consent or acquiescence of a public official. *See Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019). Mukulumbutu argues that the country conditions reports establish that the DRC is "a dangerous place," but these reports do not demonstrate that Mukulumbutu *personally* will face torture if he returns. That argument rests on Mukulumbutu's contention that he is the only witness to Boteti's murder, the same claim "'that the BIA determined to be not credible' in the asylum context." *Yali Wang*, 861 F.3d at 1009. No objective evidence in the record compels us to conclude otherwise. We deny Mukulumbutu's petition with respect to his CAT claim.

## IV

Mukulumbutu contends that there was a violation of his due process rights in view of the imperfect transcript of the February 23, 2018 hearing, which contains more than

40 notations of "indiscernible." He also argues that the IJ should have admitted and considered the testimony from a favorable credible fear review hearing.[2] But even if these actions were in error and rose to a level that deprived Mukulumbutu of due process, he did not establish prejudice. *Gomez-Velazco v. Sessions,* 879 F.3d 989, 993 (9th Cir. 2018). He does not point to any instances of testimony in the February 23, 2018 hearing that, had they been properly transcribed, may have affected the outcome of the credibility determination. Moreover, Mukulumbutu fails to point to meaningful facts or statements from the credible fear review hearing that would have overcome his later adverse credibility determination when several subsequent hearings did not. Because he did not show how the agency's actions prejudiced him, we deny Mukulumbutu's petition with respect to his due process claims.

**PETITION DENIED.**

---

[2] Mukulumbutu also argues that he was "denied time to appear with an attorney" during the February 23, 2018 merits hearing and that he appeared at his next hearing with counsel who assisted him with filing a Notice of Errata. But Mukulumbutu was not unrepresented for the entirety of the proceedings and supplemented the record once he was represented by counsel. His conclusory allegations and argument do not persuade us that he was prejudiced by lack of counsel during the February 23, 2018 hearing.