NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO JESUS-MARTINEZ, AKA
Eduardo Jesus Esteban-Domingo,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-73126

Agency No. A205-991-069

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

Petitioner Eduardo Jesus-Martinez, a native and citizen of Guatemala,

petitions for review of an order entered by the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's adverse credibility determination for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition.

1. Substantial evidence supports the agency's adverse credibility determination. Petitioner testified inconsistently regarding his departure from Guatemala and his arrest history. Those inconsistencies were not trivial, but rather went to the heart of his claim. *See id.* at 1046–47; *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (holding that petitioner's past arrests "went to the core of his alleged fear of political persecution"). And his explanations, including that he "was nervous and . . . had forgotten certain facts, were unconvincing." *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (internal quotation marks omitted). Likewise, his explanation that he feared mistreatment by immigration officials was not adequately raised before the IJ. Finally, the agency properly relied on the Form I-213 as a source of impeachment because Petitioner testified that he made the statements at issue. Even if he later retracted one of those statements, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Rodriguez v.*

2

*Holder*, 683 F.3d 1164, 1171 (9th Cir. 2012) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)). Thus, Petitioner's "inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination." *See Shrestha*, 590 F.3d at 1047. And without credible testimony, the remaining evidence in the record did not establish Petitioner's eligibility for asylum or withholding of removal. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

2. Substantial evidence also supports the agency's denial of CAT protection. Although an adverse credibility determination "does not necessarily preclude eligibility for CAT relief," such relief may be denied where, as here, the claim is "based on the same statements that the BIA determined to be not credible in the asylum context." *Id.* (internal quotation marks and citations omitted). Without Petitioner's testimony, the country conditions reports and other evidence in the record do not demonstrate that Petitioner "is likely to be *tortured,* rather than persecuted," *see Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009), nor that he "*personally* will face torture," *see Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020). Indeed, Petitioner does not dispute that similarly situated family members have remained in Guatemala without being subjected to such harm. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008), *abrogated on other*

3

*grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Thus, the agency could properly deny CAT protection.

The petition for review is **DENIED.**