NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONGMEI LIANG,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 16-70360<br><br>Agency No. A206-042-045<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021**
San Francisco, California

Before: NGUYEN and COLLINS, Circuit Judges, and BURGESS,*** Chief
District Judge.

Dongmei Liang, a native and citizen of China, petitions for review of a

Board of Immigration Appeals ("BIA") order dismissing her appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Timothy M. Burgess, Chief United States District Judge for the District of Alaska, sitting by designation.

immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"In reviewing an adverse credibility determination, we consider 'the reasons explicitly identified by the BIA, and the reasoning articulated in the IJ's decision in support of those reasons.'" *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (cleaned up) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.*

In upholding the IJ's adverse credibility determination, the BIA relied on relevant factors, including Liang's demeanor and inconsistent statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Liang provided inconsistent statements about the persons who forcibly took her from her home to have an abortion and the date that this occurred, the date that she secretly had her IUD removed, and the type of tests to which she was subjected in 2012. These inconsistencies were not "mere trivial error[s]," *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010), but rather were important details about the events giving rise to her claim for relief. Although Liang argues that there are plausible reasons for the discrepancies that do not undermine her credibility, the IJ considered those explanations and was not required to accept them. *See Jiang v. Holder*, 754 F.3d 733, 739 (9th Cir. 2014)

2

("[T]o overturn an IJ's adverse credibility determination, we must find that 'the evidence not only *supports* a contrary conclusion, but *compels* it.'" (cleaned up) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011))). Moreover, Liang does not address the IJ's finding that her facial expression and hesitation answering questions about the inconsistencies was a "significant" factor in the credibility ruling.

**PETITION DENIED.**