**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EISSA AL HAJJAJE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  20-71498

Agency No. A216-627-423

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 13, 2021
San Francisco, California

Before:  WALLACE, SCHROEDER, and FORREST, Circuit Judges.

Petitioner Eissa Al Hajjaje, a native and citizen of Yemen, petitions for review

of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an

Immigration Judge's (IJ) decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture (CAT).  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

factual findings. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Factual findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.*, *quoting* 8 U.S.C. § 1252(b)(4)(B). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination. The agency identified four bases that support the adverse credibility determination considering the totality of the circumstances: (1) Al Hajjaje's misrepresentations to immigration officials, including when he attempted to enter the United States by using a U.S. passport issued to another person; (2) Al Hajjaje's implausible testimony alleging that his torturers armed him with multiple weapons immediately after torturing him; (3) his unresponsiveness to questions on numerous occasions; and (4) his demeanor, such as when he became visibly agitated and glared at the government's counsel during the hearing. The record does not compel the conclusion that the adverse credibility determination was erroneous. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) ("Under this standard, only the most extraordinary circumstances will justify overturning an adverse credibility determination." (quotation marks and citation omitted)). In the absence of credible testimony, the remaining evidence in the record is insufficient to establish eligibility for asylum and withholding of removal. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Substantial evidence also supports the agency's denial of CAT protection. Al Hajjaje's CAT claim is based on the same underlying testimony found to be not credible. "But when the petitioner's 'testimony [is] found not credible, to reverse the BIA's decision [denying CAT protection,] we would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured.'" *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010) (alterations in original), *quoting Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006). The documentary record does not compel the conclusion that Al Hajjaje "*personally will face torture*" if returned to Yemen. *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020); *see also Almaghzar*, 457 F.3d at 923 (denying CAT relief where evidence confirmed that torture takes place in the petitioner's home country but did not compel the conclusion that the petitioner would face a particularized threat of torture).

We need not reach the issue of the agency's application of the terrorism bar to Al Hajjaje because the other grounds for denial are dispositive.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

The petition for review is **DENIED**.

3