NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REN FU WU, | No.    20-71949 |
| Petitioner, | Agency No. A213-143-252 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2021[**]
Honolulu, Hawaii

Before:  O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Ren Fu Wu, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals affirming the denial of his application for

asylum and withholding of removal. We have jurisdiction under 8 U.S.C.

§ 1252(a)(1), and we deny the petition.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision

The agency's denial of relief rested on its adverse credibility finding. Substantial evidence supports that finding. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021); 8 U.S.C. § 1252(b)(4)(B).

First, the immigration judge reasonably found it implausible that Wu and his partner, Xue Mei Zeng, repeatedly attempted to conceive a child outside of marriage for four years after the couple was of age to marry, after family planning officials had previously forced Zeng to have an abortion precisely because the couple had been underage and unmarried. The immigration judge provided Wu an opportunity to address that issue, and Wu responded only that the couple "did not really care about" or "pay much attention" to marriage and that he was "busy with . . . work" and "forgot about it." The immigration judge reasonably found that explanation wanting. *See Lalayan v. Garland*, 4 F.4th 822, 833–37 (9th Cir. 2021). The implausibility "reach[es] the heart of [the] claim for relief" and is therefore "'of great weight.'" *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010)).

Second, the immigration judge reasonably found the timeline and circumstances surrounding Wu's updating of his household register to be suspicious. Wu testified that he updated his household register in April 2017 because "the characters typed by the staff [were] not very straight and also some

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

dates could not be seen." But Wu also testified that "in China in the rural area, we don't really pay much attention or care about" updating records. The immigration judge reasonably found this testimony to be inconsistent. Wu was then directed specifically to address why he waited until 2017 to add his wife and children to the register, even though he had married in 2014 and had two children in 2016. Wu answered that he waited "[b]ecause at that time the children were born . . . so we did it all together." As the immigration judge found, that explanation did not make sense in light of Wu's previous explanation: If Wu thought minor legibility issues warranted updating his register, he would not have waited years to make substantive updates. And if he cared about the accuracy of the register, he would not have waited years to update the register to reflect his marriage. The immigration judge was not required to accept Wu's "unconvincing" explanations. *See Aguilar Fermin*, 958 F.3d at 892.

Third, the immigration judge reasonably found Wu's corroborating documents to be unreliable. The certificate memorializing Zeng's alleged abortion in 2007 was not notarized; Zeng's letter did not mention the certificate; and while Wu testified that Zeng mailed him the certificate, he did not have the package label and could not testify as to when and how the certificate was created. Under the circumstances, the immigration judge was not required to accept the certificate as reliable. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007–08 (9th Cir. 2017). The

immigration judge also noted "numerous problems" with the contents of Wu's household register. For example, the register reflected an address that Wu testified had been invalid for five years and showed that Zeng did not move in with him until April 2017. Wu argues that all of the errors that were cited on the 2017 household register were corrected on the updated 2018 register. But the 2018 register continued to reflect the wrong address and a move-in date of April 2017 for Zeng. Those discrepancies call into doubt whether Wu was married to and living with Zeng during the relevant period and thus strike at the heart of his claim.

Wu contends that the immigration judge was required to provide him notice and an opportunity to correct the deficiencies in his corroborating documents, along with an opportunity either to call family members as witnesses or to introduce letters from them corroborating his account. But "[b]ecause the [immigration judge] found [his] testimony not credible, the [immigration judge] was not required to give [him] notice and an opportunity to provide additional corroborating evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020); *accord Yali Wang*, 861 F.3d at 1008–09.

**PETITION DENIED.**

4