NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOLEI ZHAO,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 15-72822<br><br>Agency No. A200-259-327<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**
Pasadena, California

Before: OWENS and MILLER, Circuit Judges, and CHRISTENSEN,*** District Judge.

Xiaolei Zhao, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") decision dismissing his appeal of the

---

 *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 ***  The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. "We review factual findings, including adverse credibility determinations, for substantial evidence," which we uphold "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Under the totality of the circumstances, substantial evidence supports the agency's determination that Zhao was not credible. *See Iman v. Barr*, 972 F.3d 1058, 1064-65 (9th Cir. 2020). In particular, Zhao conceded that he made a number of false statements on his first visa application, such as regarding his marital status and employment. Because Zhao lied on his first visa application *before* the alleged incident with Chinese police due to his Christian religion, "the deception here was completely unrelated to escaping immediate danger." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) (explaining that lying to immigration authorities "counts as substantial evidence supporting an adverse credibility finding, unless the lie falls within the narrow" exception for lying to flee a place of persecution or secure entry into the United States). Indeed, when asked about the false statements, Zhao testified that he went along with the lies on his first visa application, which was prepared by a broker company, because he wanted to come

2

to the United States for tourism, and he did not mention that he did so to escape persecution.

Substantial evidence also supports the agency's conclusion that Zhao's documentary evidence was insufficient to rehabilitate his credibility or independently support his claims. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). The agency noted that the purported bail receipt does not contain Zhao's name. And while the detention notice contains Zhao's name, it does not provide sufficient information to independently establish his claims.

**PETITION FOR REVIEW DENIED**.