NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONGRI BIAN, | No. 16-70546 |
| Petitioner, | Agency No. A088-114-133 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2022**
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and GONZALEZ
ROGERS,*** District Judge.

Yongri Bian ("Bian"), a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeals' (the "BIA")

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Yvonne Gonzalez Rogers, United States District Judge
for the Northern District of California, sitting by designation.

decision affirming the Immigration Judge's ("IJ") adverse credibility determination that resulted in the denial of his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny Bian's petition.[1]

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, the court reviews both decisions. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020) (citing *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013)). "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Here, the BIA's affirmance of the adverse credibility determination is supported by substantial evidence. The BIA focused on two specific inconsistencies identified by the IJ. First, Bian's testimony regarding his escape to his aunt's house and his subsequent return to his home despite police surveillance was found to be inconsistent with his claimed fear. Second, his testimony regarding the medical treatment he sought following his detention was found to be inconsistent with the severe beating he described. These inconsistencies, coupled with Bian's failure to

---

[1] Bian concedes that he does not challenge the denial of his application for asylum or Convention Against Torture ("CAT") protection on appeal.

plausibly explain them, constitute substantial evidence supporting the adverse credibility determination. *See Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (explaining "[t]he IJ did not have to accept [petitioner]'s unpersuasive explanations for the[] inconsistencies"); *see also Zamanov v. Holder*, 649 F.3d 969, 972–74 (9th Cir. 2011) (explaining that the agency is not compelled to accept petitioner's explanations for testimonial discrepancies). Bian also failed to submit documentary evidence to corroborate his testimony. Bian has thus failed to meet his burden to show that the record compels the conclusion that he testified truthfully. *See* 8 U.S.C. § 1252(b)(4)(B). Because withholding requires credible testimony, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), the BIA properly denied Bian relief on this basis.

2. An IJ may require corroborating evidence unless the applicant cannot reasonably obtain it. *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). Here, the IJ concluded that Bian's submitted documentary evidence was insufficient to corroborate his testimony, given the numerous inconsistencies between the documents and his testimony (including the permits for the restaurant and Bian's household register). Although Bian testified that some corroborating evidence regarding his arrest and medical treatment was lost because his mother had passed away in January 2009 and she was the person who safeguarded his records, that explanation could not resolve the IJ's concern regarding the critical inconsistencies

3

between his testimony and the documents that Bian *did* submit.

3.      Finally, we need not reach Bian's argument regarding the applicability of *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), as Bian correctly concedes it is premised on this court first finding that substantial evidence does not support the adverse credibility determination, a conclusion we do not reach.  Even if *Ren* did apply, Bian had notice and numerous opportunities to provide corroborating evidence to rehabilitate his testimony.

The petition for review is **DENIED.**