NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIANGFU CHEN,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-72934

Agency No. A202-198-791

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 5, 2022[**]
Honolulu, Hawaii

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Xiangfu Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") decision to dismiss his appeal of the

Immigration Judge's ("IJ") denial of his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  "We

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review factual findings, including adverse credibility determinations, for substantial evidence," which we uphold "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (citations omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Under the totality of the circumstances, substantial evidence supports the BIA's adverse credibility determination against Chen. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). Chen inconsistently testified about the events that prompted his visa application—including when his arrest occurred, and what was required for his release. Although Chen blamed his memory for these inconsistencies, his explanation is not plausible and ultimately supports the adverse credibility determination—he should have remembered details of events underlying his asylum claim and did not reconcile these inconsistencies until prompted by counsel. *See id.* at 1044-47 (reasoning that inconsistencies regarding events prompting an asylum application support an adverse credibility determination, even considering "the normal limits of human understanding and memory"); *see also Mukulumbutu v. Barr*, 977 F.3d 924, 926-27 (9th Cir. 2020) (holding that an applicant's conflicting testimony regarding the event that prompted him to seek asylum supported an adverse credibility determination because the details were material to his application).

Chen also conceded that he submitted a fraudulent visa application. This weakens his overall credibility and substantially supports the adverse credibility determination because he deliberately lied to obtain his visa, which suggests that he did not obtain it to escape persecution by aiding travel into the U.S. *See Singh v. Holder*, 643 F.3d 1178, 1180-81 (9th Cir. 2011) (reasoning that a fraudulent visa application supports an adverse credibility determination where the applicant lies to establish the merits of his claim, as it constitutes "deliberate deception" and "casts doubt on his credibility and the rest of his story").

Finally, Chen failed to provide substantial and credible corroborating evidence to defeat the adverse credibility determination and sustain his burden of proof. *See Mukulumbutu*, 977 F.3d at 927. Chen's parents' supporting letter contained inconsistent material information and Chen's cousin was not properly identified as the author of his supporting letter.

**PETITION FOR REVIEW DENIED**.