**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIAO ZHANG,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

              Respondent.

No. 22-928

Agency No. A087-887-795

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Miao Zhang, a citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This court has jurisdiction under 8 U.S.C. § 1252 and denies the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

1. <u>Substantial evidence supports the agency's adverse credibility determination</u>. We review the agency's adverse credibility determination for substantial evidence "based on the 'totality of the circumstances and all relevant factors.'" *Alam v. Garland,* 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). That standard requires "that the IJ state explicitly the factors supporting his or her adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). The factors giving rise to the adverse credibility determination do not need to go to the heart of a petitioner's claim. *See Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011).

Here, the BIA appropriately affirmed the IJ's adverse credibility determination and agreed that the IJ cited specific reasons in support of his adverse credibility determination. Zhang made numerous misrepresentations in her nonimmigrant visa application and supporting Form I-20. She provided false information about her mother and funds available to obtain a visa for school. In addition, Zhang provided confusing and evasive testimony when questioned about her misrepresentations. The agency found that Zhang's misrepresentations and her demeanor when explaining these misrepresentations undermined her credibility. On these grounds, substantial evidence supports the conclusion that Zhang was not credible. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186–88 (9th Cir. 2016)

2

(holding that inconsistencies in the record and in the petitioner's testimony were sufficient to uphold the BIA's adverse credibility determination); *Singh-Kaur v INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) ("We give 'special deference' to a credibility determination that is based on demeanor." (citation omitted)).

2.      Substantial evidence supports the agency's determination that Zhang's corroborative evidence was insufficient to warrant asylum, withholding, or CAT protection. In the absence of credible testimony, corroborating evidence is needed to independently establish a claim of past harm. The BIA found that the background evidence and the letter from Zhang's father did not independently establish that Zhang's alleged fear of persecution upon return to China was objectively reasonable. And the corroborative evidence did not show that Zhang would engage in church activities in China or that she would face an individualized risk of being singled out for persecution based on her religious activities in the United States. The record does not compel a contrary conclusion. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926–27 (9th Cir. 2020) (post-REAL ID Act application) (holding that substantial evidence supports the BIA's decision that Mukulumbutu did not rehabilitate his testimony with sufficient corroborating evidence). Nor in the absence of credible testimony does this evidence compel the conclusion that Zhang faces a clear probability of being singled out for torture upon return to China. *Id.* at 927–28.

Thus, the BIA appropriately concluded that Zhang's asylum, withholding of removal, and CAT claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Mukulumbutu*, 977 F.3d at 927–28.

**PETITION DENIED.**