
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNY MARITZA LUCHO-MENDEZ, | No. 23-511 |
| Petitioner, | Agency No. |
| v. | A203-578-035 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted  June 4, 2024[**]
Pasadena, California

Before:  M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Jenny Maritza Lucho-Mendez ("Lucho-Mendez"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") denial of her petition for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence.  *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010)).  We must uphold the agency's factual conclusions "unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"  8 U.S.C. § 1252(b)(4)(B).  Because the BIA reviewed the IJ's factual findings for clear error and relied in part on the IJ's reasoning, we review both decisions.  *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

---

[1]Although the BIA denied Lucho-Mendez's petition for withholding of removal, Lucho-Mendez has waived any claim for such relief by failing to challenge the BIA's determination in her opening brief.  *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

1.  Substantial evidence supports the agency's adverse credibility finding.  The IJ found that Lucho-Mendez lacked credibility based on two inconsistencies between her oral testimony and other record evidence.  The BIA found no clear error in the IJ's credibility finding.

Lucho-Mendez testified that she departed El Salvador on March 22, 2019.  But she also submitted a Salvadoran police report that indicated that authorities interviewed her in El Salvador regarding her complaint of gang violence on March 24, 2019.  Lucho-Mendez was provided at least three opportunities to explain the inconsistent dates, but the IJ found her answers non-responsive.  Lucho-Mendez asserted that technical difficulties with her audio equipment made it difficult for her to understand the interpreter; however, substantial evidence supports the IJ's determination that the technical difficulties were resolved promptly and that Lucho-Mendez subsequently confirmed that she could hear and understand the interpreter.  Lucho-Mendez also asserts that the government's hostile questions confused her.  But the IJ noted that the government merely "attempted to have [Lucho-Mendez] explain the discrepancy."  *See Kalulu v. Garland*, 94 F.4th 1095, 1101 (9th Cir. 2024) (acknowledging that clarifying questions are permissible).

Lucho-Mendez also made inconsistent statements regarding her Salvadoran conviction for illicit grouping (*i.e.*, associating with a gang).  She repeatedly denied

any involvement with Salvadoran gangs; equivocated regarding why she was convicted of the crime; and did not admit that her son was a gang member and currently imprisoned for extortion until the IJ questioned her. The IJ relied on this inconsistency to support the adverse credibility determination. The BIA noted that Lucho-Mendez did not challenge this finding on appeal.

Lucho-Mendez's argument that there are additional plausible explanations for these inconsistencies does not compel a conclusion contrary to that of the IJ or BIA that she lacked credibility or that, in the absence of credible testimony, she did not establish eligibility for asylum.

2. Because substantial evidence supports the agency's adverse credibility finding, we need not address the BIA's determination that Lucho-Mendez did not establish eligibility for asylum on the merits. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Without credible testimony or sufficient corroborating evidence, [the petitioner] cannot show that he has a 'well-founded fear of persecution' based on a protected ground." (citing 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A), 1229a(c)(4)(A))).

3. Substantial evidence supports the BIA's finding that Lucho-Mendez failed to establish eligibility for CAT protection. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. But

4

because Lucho-Mendez's testimony was found incredible, other evidence in the record must compel the conclusion that she will more likely than not be tortured if returned to El Salvador. *See id.* at 1048–49.

The BIA's determination that Lucho-Mendez's conviction in El Salvador does not establish past persecution is supported by substantial evidence because the agency could not "go beyond the judicial record" to consider Lucho-Mendez's guilt or innocence for that conviction. *See Matter of Mendez-Moralez*, 21 I. & N. Dec. 296, 304 (BIA 1996) ("[N]either the Board nor the Immigration Judge may go beyond the judicial record to determine the guilt or innocence of an alien."). While Lucho-Mendez's other country conditions evidence indicates some corruption of local public officials in El Salvador, the evidence alone does not compel the conclusion that it is more likely than not that she will be tortured by public officials if returned to that country. *See Singh v. Garland*, 97 F.4th 597, 609 (9th Cir. 2024). Consequently, the BIA's decision that the IJ properly denied Lucho-Mendez's application for CAT must be affirmed.

**PETITION DENIED.**