NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KULDIP SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-3321

Agency No.
A205-939-899

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 22, 2024**
San Jose, California

Before: BERZON and FRIEDLAND, Circuit Judges, and KENNELLY, District Judge.***

Kuldip Singh, a native and citizen of India, seeks review of the Board of

Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). When, as in this case, the BIA adopts and affirms the IJ's decision, we treat the IJ's decision as the BIA's. *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review factual findings, including adverse credibility determinations, for substantial evidence. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the IJ's determination that Singh's testimony was not credible. Under the REAL ID Act, an adverse credibility determination must consider "the totality of the circumstances" and be based on "all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). The IJ reasonably based its determination on Singh's omission, inconsistent testimony, and lack of responsiveness during his hearing, especially when asked about whether and when he was accused by the police of working with Khalistani terrorists. Singh's declaration and testimony during direct examination omitted that the police accused him of being a terrorist during his first arrest, and his statements about what the police said during that first arrest were inconsistent. Although "the mere omission of details is insufficient to uphold an adverse credibility finding," *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) (quotation marks omitted), the IJ reasonably concluded that Singh's new

allegations and inconsistent statements were material to his claims and that they substantially undermined his credibility. Evidence that the police accused Singh of being a terrorist—rather than directing such accusations at his brother only—would significantly strengthen Singh's asylum claim by indicating that he was persecuted because of an imputed political opinion. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186 (9th Cir. 2016) (holding that an adverse credibility determination reasonably relied on the petitioner's failure to mention "significant events" that would have "supported [petitioner's] applications for relief" (quotation marks omitted)); *Shrestha*, 590 F.3d at 1047 (explaining that inconsistencies that go to "the heart of the petitioner's claim" hold "great weight" in credibility determinations).

The IJ gave Singh an opportunity to explain his omission and inconsistencies but found that Singh's answers were evasive and largely not responsive to the IJ's questions. Unresponsiveness can support an adverse credibility finding when the IJ "identif[ies] particular instances in the record" where the petitioner refused to answer questions and gives the petitioner "fair notice" of his inconsistences and unresponsiveness. *Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021) (quotation marks omitted). The IJ properly gave Singh notice of his unresponsiveness during the hearing and identified specific instances where Singh failed to provide a rational explanation for the omission and inconsistencies in his testimony.

2. Without Singh's discredited testimony, the remaining evidence in the record cannot compel the conclusion that Singh is eligible for asylum or withholding from removal.  Even crediting the remaining evidence, which includes affidavits from Singh's father, brother-in-law, uncle, and a village council leader, that evidence does not establish that the police imputed a political opinion to Singh.  The evidence thus does not demonstrate a nexus to a protected ground.  *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (explaining that an asylum or withholding from removal applicant must show a nexus between the risk of persecution and their membership in a particular social group).[1]

3. Finally, substantial evidence supports the IJ's and BIA's determination that Singh is not entitled to relief under CAT.  "An adverse credibility determination is not necessarily a death knell to CAT protection," and a CAT claim can rest on corroborating evidence in the record and country condition reports.  *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (quotation marks omitted).  The agency reasonably determined, however, that the remaining evidence in the record did not establish that it was "more likely than not that

---

[1] Before the BIA, Singh identified persecution on the ground of his Sikh religion as an additional basis for asylum and withholding of removal.  Singh's Opening Brief to our court mentions his religious persecution claim but does not argue that point; it is therefore forfeited.  *See, e.g.*, *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that the petitioner had forfeited a particular argument by failing to develop the argument "specifically and distinctly" in his opening brief) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)).

[Singh] will be tortured by or with the consent or acquiescence of a public official." *Id.* Likewise, the agency reasonably determined that the country conditions information did not establish that Singh would likely suffer torture with the consent or acquiescence of the government if he returned. *See id.* at 928.

Petition **DENIED**.