NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MARCIO ALVES ROSA; KEILY
BARBOSA BRAZ; J.V. ALVES
BRAZ; P.H. ALVES BRAZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1437

Agency Nos.
A220-229-996
A220-229-997
A220-229-998
A220-229-999

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2025[**]
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District
Judge.[***]

Petitioners Marcio Alves Rosa, his spouse Keily Barbosa Braz, and their

minor children J.V. Alves Braz and P.H. Alves Braz seek review of a Board of

Immigration Appeals ("BIA") decision dismissing their appeal from the

Immigration Judge's ("IJ") denial of their applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'"  *Id.* (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).  We review claims of a due process violation de novo. *Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir. 1994).

Substantial evidence supports the BIA's conclusion that Petitioners did not establish persecution that rises to the level necessary to qualify for asylum.  The individual who harassed Petitioners never physically harmed them.  While threats alone can be compelling evidence of past persecution, this Court looks for threats that are "specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism."  *Flores Molina v. Garland*, 37 F.4th 626, 634 (9th Cir. 2022) (quoting *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004)).  Here, the individual followed up on his threats with vandalism only once in over a decade.  As to Barbosa Braz's separate claim based on racial discrimination, she did not allege physical injury, threats, or substantial economic disadvantage that would support a finding of past persecution or a well-founded

2

fear of future persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) ("'Mere discrimination,' by itself, is not the same as persecution." (quoting *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (alteration omitted))). Finally, Petitioners introduced no evidence about the minor children's alleged unique injuries. The BIA did not err by failing to examine child-specific factors not presented in the record.

Because Petitioners did not establish persecution for purposes of asylum, they "necessarily fail[] to satisfy the more demanding standard for withholding of removal." *Davila*, 968 F.3d at 1142. Similarly, substantial evidence supports the BIA's denial of Petitioners' CAT claims. Torture is "more severe than persecution." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005).

The BIA and IJ did not violate Petitioners' due process rights. "To warrant reversal for a violation of due process, the petitioner must also show prejudice . . . ." *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021). Petitioners have not explained how the IJ's delayed signature prejudiced the outcome of their proceedings. Nor have Petitioners "point[ed] to any instances of testimony in the . . . hearing that, had they been properly transcribed, may have affected the outcome." *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020).

**PETITION DENIED.**