NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELLY FIALLOS-MUNOZ,<br><br>    Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | No. 19-72336<br><br>Agency No.<br>089-100-637<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2026[**]

Before: GOULD, BENNETT, and SUNG, Circuit Judges.

Pro se Petitioner Nelly Fiallos-Munoz seeks review of a Board of

Immigration Appeals ("BIA") decision affirming the denial of her applications for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence," and we review legal questions de novo. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). We "reverse the BIA's [credibility] decision only if the petitioner's evidence was 'so compelling that no reasonable factfinder could find that [s]he was not credible.'" *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). Where, as here, the BIA reviewed the IJ's credibility determination for clear error, we "look to the IJ's decision 'as a guide to what lay behind the BIA's conclusion.'" *Kalulu v. Bondi*, 128 F.4th 1009, 1013 (9th Cir. 2024) (quoting *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022)).

The record evidence does not compel the conclusion that Petitioner testified credibly. Assessing the "totality of the circumstances and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), the BIA identified material omissions and inconsistencies in Petitioner's testimony and the written declaration appended to her asylum application. Most notably, Petitioner's testimony focused on an incident in November 2008, after she and her partner separated, in which he publicly abducted her at gunpoint as she left her workplace, beat her, and locked

her in a room for three days, causing her to miscarry. But her previously executed written declaration does not mention an abduction at gunpoint; the most similar incident discussed is an interaction in which, when her partner became angry that she did not give him money to buy drugs, he punched her, "dragged [her] by [her] hair to a dark room," and "locked [her] in for two days."

Although "not all omissions . . . support an adverse credibility finding . . . omissions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application." *Iman v. Barr*, 972 F.3d 1058, 1067-68 (9th Cir. 2020). The fact that Petitioner did not mention the abduction at gunpoint in her written declaration but later made it the focus of her claims of persecution indicates that the disclosure bolstered her previously weaker application for relief. Therefore, the omission is probative of credibility. "An IJ must consider and address all plausible and reasonable explanations for any inconsistencies that form the basis of an adverse credibility determination." *Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014) (internal quotations and citations omitted). But the agency reasonably concluded that Petitioner's explanation for the omission, that she tried to forget the incident, was not credible because it was a major traumatic event.

Substantial evidence also supports the agency's conclusion that there were additional inconsistencies within Petitioner's testimony and between her testimony

and her asylum application, particularly with respect to the timing and circumstances of her miscarriage and a complaint she may have filed with police through an attorney. Petitioner argues that these inconsistencies do not "go to the heart" of her claims for relief, which is the severe physical abuse she suffered at the hands of her partner. But under the Immigration and Nationality Act, as amended by the REAL ID Act, inconsistencies that do not "go to the heart" of a petitioner's claim may support an adverse credibility finding. *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

Additionally, the agency correctly determined that Petitioner did not produce sufficient documentary evidence to rehabilitate her credibility. In the absence of credible testimony or sufficient corroborating evidence, the agency properly concluded that Petitioner failed to establish eligibility for asylum or withholding of removal. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Without credible testimony or sufficient corroborating evidence," petitioner could not meet his burden to show the required persecution based on a protected ground for purposes of asylum and withholding).

The agency also properly denied Petitioner's claim for CAT relief, because that claim was based on the same allegations that the agency did not find credible. Petitioner does not point to any other evidence in the record that would compel a conclusion that she would likely be tortured if removed to Honduras. *See Farah*,

348 F.3d at 1157 (affirming denial of CAT protection because petitioner's CAT claim was "based on the same statements . . . that the BIA determined to be not credible," and petitioner "point[ed] to no other evidence that he could claim the BIA should have considered in making its determination . . . .").

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.