NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HIDAYA ATHULLAH ABDUL RAZZAK,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-72015

Agency No. A208-930-501

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2022
Anchorage, Alaska

Before:  HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Hidaya Athullah Abdul Razzak petitions for review of a decision of the

Board of Immigration Appeals (BIA) denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.      The adverse credibility determination is supported by substantial

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

evidence. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). The record supports the agency's finding that Abdul Razzak made inconsistent statements about whether Ramagopalan personally participated in the attack that was at the center of his claims for relief. Although Abdul Razzak contends that the BIA erred by putting significant weight on his statements during an interview at the border, such interviews may be considered when they bear sufficient indicia of reliability, and the interview here satisfies that criterion. *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020).

The record also supports the agency's finding that, on a previous occasion, Abdul Razzak fraudulently attempted to secure a visa that would allow him to work in the United States. The Immigration Judge (IJ) was entitled to consider this fact in evaluating Abdul Razzak's motive for coming to the United States.

Although the BIA also cited other inconsistencies, we need not decide whether they have support in the record because, even if they do not, the adverse credibility determination would still be supported under "the totality of the circumstances." *Alam*, 11 F.4th at 1137. Abdul Razzak's inconsistent statements about Ramagopalan's role in the attack go to the heart of his claim and are thus entitled to "great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). And Abdul Razzak's prior attempt to secure a visa by fraud provided an additional reason to question his credibility.

2. Absent Abdul Razzak's discredited testimony, the remaining evidence does not compel the conclusion that he is entitled to asylum, withholding of removal, or relief under the CAT.

3. Abdul Razzak has not shown that he was prejudiced by inaccurate translation at the merits hearing. *See Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994) ("In order to make out a due process violation . . . the alien must show that a better translation would have made a difference in the outcome of the hearing." (cleaned up)). Although the IJ cited Abdul Razzak's non-responsive answers, even assuming that this was the result of translation issues, the BIA did not rely on this factor in finding Abdul Razzak not credible. Thus, it did not affect the agency's ultimate decision to deny relief.

**PETITION DENIED.**