**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JINXIANG BAO,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   18-71824

Agency No. A208-004-953

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022[**]
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

    Jinxiang Bao, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals affirming the denial of her applications for

asylum, withholding of removal, and protection under the Convention Against

Torture. Bao alleges that she was persecuted by the Chinese government for

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

practicing Tibetan Buddhism. She claims that on at least one occasion in 2013, the police detained her for eight days, questioned her about her Buddhist affiliation, and beat her. The immigration judge and the Board found Bao not to be credible and concluded that without credible testimony, Bao could not satisfy her burden of proof. Bao now petitions for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under that standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). In assessing an adverse credibility finding, we look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The Board identified six inconsistencies and omissions to support its adverse credibility determination, and Bao challenges each of them in this court. We need not decide whether all of the reasons invoked by the Board properly support its conclusion because we conclude that the following justifications identified by the Board, taken together, amply support the adverse credibility determination. *See*

*Alam*, 11 F.4th at 1136–37 & n.1.

First, in her hearing before the immigration judge, Bao testified to new allegations that she omitted in her initial asylum application and interview with the asylum officer. At her hearing, Bao testified that in 2013, police officers threatened to throw her from a window and make her death look like a suicide. Bao also testified that on a separate occasion in 2005, police detained her for several hours and questioned her about her connection to Buddhism. Neither allegation appeared in her earlier statements. Because these omissions "are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [Bao's] initial application,'" they can support an adverse credibility determination. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)).

Second, the Board identified an inconsistency in Bao's statements about the extent of her injuries following the 2013 police detention. At her hearing before the immigration judge, Bao testified that the police beatings caused her to suffer a fractured rib. But Bao told the asylum officer that the police beatings caused only "bruises on [her] leg." This inconsistency is more than a "mere trivial error such as a misspelling," *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010), and the Board was entitled to rely on it when considering whether Bao was credible.

Finally, the Board observed that Bao appeared unable to respond to basic

questions about her Buddhist faith. When the immigration judge asked Bao to describe her "favorite ritual" that she "practice[d] back when [she was] living in China," Bao could not provide a coherent answer. The asylum officer noted that Bao provided "[n]o response" when asked to explain Tibetan Buddhism or give an example of how Tibetan Buddhists practice their faith. While "questioning an applicant on [her] knowledge of religious doctrine to determine if [she] is a true believer is not an appropriate method of determining eligibility for asylum," *Ren v. Holder*, 648 F.3d 1079, 1088 (9th Cir. 2011), the Board reasonably concluded that Bao's non-responsiveness undermined her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Without credible testimony, Bao failed to establish eligibility for asylum or withholding of removal. Although Bao presented documentary evidence, the agency permissibly concluded that, in light of Bao's lack of credibility, that evidence was either not adequately authenticated or was itself not sufficiently credible. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). Moreover, the country reports Bao submitted cannot alone support her claim for protection under the Convention Against Torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED.**