**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE NAPOLEON ALFARO
HENRIQUEZ,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   17-72916

Agency No. A073-877-512

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2022**
Pasadena, California

Before: BEA, IKUTA, and CHRISTEN, Circuit Judges.

      Petitioner Jose Napoleon Alfaro Henriquez, a native and citizen of

Honduras, petitions for review from the denial of his application for withholding of

removal and relief under the Convention Against Torture (CAT).  An immigration

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge (IJ) denied petitioner's application, and the Board of Immigration Appeals (BIA) dismissed his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Because the parties are familiar with the facts, we do not recite them here. We review for substantial evidence the agency's factual findings, including adverse credibility determinations. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004). We review de novo conclusions of law. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). In assessing an adverse credibility finding under the REAL ID Act, the court "must look to the 'totality of the circumstances and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

1. Considering the totality of the circumstances, we conclude that substantial evidence supports the IJ's adverse credibility determination. Petitioner argues he "never denied any arrests or convictions." That is plainly wrong. Petitioner omitted numerous aspects of his criminal history on his application, which asked if he had been "arrested, charged, convicted, or sentenced for any crimes in the United States." An omission can be a denial. To list only three crimes when there are more is to deny the remainder. Petitioner also testified he had no other arrests or convictions, and he did not disclose additional information about his criminal

history until the government specifically confronted him. This court gives "special deference" to the IJ's observations about demeanor, *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (quoting *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 818–19 (9th Cir. 1994)), and here, the record supports the IJ's determination that petitioner was non-responsive when answering questions, especially those about his criminal history.

The BIA correctly acknowledged that the IJ misinterpreted petitioner's testimony about the timing of his injuries and ability to walk a long distance the same day, but the BIA nevertheless concluded the IJ's adverse credibility finding was not clearly erroneous. Petitioner disputes the significance of the omitted arrests and convictions, but this argument is not persuasive because petitioner's application and the government's questions at the hearing asked if petitioner had "*any*" additional arrests or convictions. Because the adverse credibility determination was supported, the BIA's determination that petitioner did not establish his eligibility for withholding of removal under the Immigration and Nationality Act (INA) was also supported by substantial evidence. *See Shrestha*, 590 F.3d at 1048.

In addition, the BIA correctly determined that petitioner is ineligible for withholding of removal under the INA because he was convicted for possession of

3

drugs for sale, Cal. Health & Safety Code § 11359, which is presumed to be a particularly serious crime. *See Miguez-Miguez v. Gonzales*, 500 F.3d 941, 946–49 (9th Cir. 2007) (discussing *Matter of Y-L-*, 23 I. & N. Dec. 270 (BIA 2002)); 8 C.F.R. § 208.16(d)(2). The agency's conclusion that petitioner failed to overcome that presumption with his own testimony is supported by substantial evidence.

2. The BIA's determination that petitioner failed to show that he is eligible for CAT relief is supported by substantial evidence because petitioner failed to show that it is "more likely than not that he . . . would be tortured if removed to the proposed country." 8 C.F.R. §§ 208.16(c)(2), 208.17(a). In addition, petitioner was ineligible for withholding of removal under CAT because of his prior conviction for a particularly serious crime. 8 C.F.R. § 208.16(d)(2). Here, apart from petitioner's discredited testimony, the only evidence supporting petitioner's CAT claim is the country condition reports he submitted to the agency. The portions of the reports on which petitioner relies support his argument that military members engage in arbitrary killings and criminal activity. But having reviewed the reports as a whole, including those portions the IJ cited, we conclude substantial evidence supports the BIA's determination that the reports do not establish it is more likely than not that petitioner will be tortured by the military if he returns to Honduras. *See, e.g., Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th

4

Cir. 2020) ("Mukulumbutu argues that the country conditions reports establish that the DRC is 'a dangerous place,' but these reports do not demonstrate that Mukulumbutu *personally* will face torture if he returns.").

**PETITION DENIED.**