NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MING CHEN, | No. 16-70011 |
| Petitioner, | Agency No. A201-039-852 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Ming Chen, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the adverse credibility determination based on Chen's submission of fraudulent documents in his student visa application, an inconsistency and lack of corroboration regarding his medical treatment, and failure to corroborate the cause of his medical conditions.  *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (false information on visa application supported adverse credibility determination); *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) ("Substantial evidence also supports the BIA's decision that [petitioner] did not rehabilitate his testimony with sufficient corroborating evidence.").  Chen's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Thus, in the absence of credible testimony, Chen's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (failure to satisfy lower asylum standard results in failure to satisfy withholding standard).

We do not address Chen's contentions as to the merits of his asylum and withholding claims because the BIA did not deny relief on those grounds.  *See*

16-70011

*Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the denial of Chen's CAT claim because it was based on the same evidence found not credible, and Chen does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

We do not consider the materials Chen references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**