**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMIT SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1192

Agency No.
A208-194-114

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2023**
San Francisco, California

Before: S.R. THOMAS, BENNETT, and H.A. THOMAS, Circuit Judges.

Amit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals ("BIA") order upholding the immigration

judge's ("IJ") adverse credibility determination and denial of asylum,

withholding of removal, and relief under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence the BIA's adverse credibility determination and denial of asylum, withholding of removal, and CAT relief. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We may only reverse if the evidence compels a conclusion contrary to the one reached by the BIA. *See id.*; 8 U.S.C. § 1252(b)(4)(B).

1. The BIA's adverse credibility determination was based on three grounds. First, Singh testified inconsistently about the distance between him and the opposing party members' vehicle that displayed their identifying symbols. That inconsistency finding is supported by the record. Singh first testified that the vehicle was 150 to 200 meters away but then testified that it was 40 to 50 feet away. When confronted with the discrepancy between his answers, Singh gave yet another conflicting answer, stating that the vehicle was 100 feet away.

Second, the BIA upheld the IJ's demeanor findings that Singh "displayed no emotional change when discussing his alleged past harms" and "[i]nstead of conveying the impression his testimony was based on his own memories, [Singh's] testimony appeared rehearsed." Contrary to Singh's only challenge to the IJ's demeanor findings, a negative inference may be drawn from a petitioner's lack of emotion. *See Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021) (holding that a "flat affect" can support an adverse credibility determination). Because Singh fails to show that the IJ's demeanor findings were erroneous, and "[t]he need for deference is particularly strong in the

context of demeanor assessments," *Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014), we must defer to the IJ's negative demeanor findings.

Finally, the BIA upheld the IJ's finding that Singh failed to provide detailed responses to the IJ's questions about the first alleged attack. But contrary to the IJ's reasoning, Singh did not fail to provide "any details" other than a description of the opposing party members' vehicle and that the opposing party members hit him. Singh provided details when the IJ asked for them. For example, when asked where the attack occurred, Singh said that it happened in the village of Paniar. Further, the IJ's requests that Singh "tell [the IJ] what [Singh] saw" failed to alert Singh that he was expected to provide more details about the incident. Thus, the BIA's undetailed finding is not supported by substantial evidence. *See Iman v. Barr*, 972 F.3d 1058, 1066 (9th Cir. 2020) (rejecting an undetailed finding because it was "unclear what further detail Iman should have provided" given that the questions "did not press Iman for any additional details about the shootings Iman referenced").

The BIA's adverse credibility determination is supported by two valid grounds: Singh's inconsistent testimony related to a key incident supporting his claims and his flat demeanor when testifying about his alleged past harms. Because those grounds are entitled to great weight, *see Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011), we cannot conclude that any factfinder would be compelled to find Singh credible, *see* 8 U.S.C. § 1252(b)(4)(B).

2.      Turning to the merits, the BIA first decided that the IJ had properly

3                                                                                          22-1192

discounted the weight of affidavits and statements (collectively, "letters") in support of Singh's claims, as the authors were unavailable for cross-examination. This determination was reasonable under the circumstances, and Singh fails to persuade us otherwise. *See, e.g.*, *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (holding that the agency reasonably limited the weight of corroborating documents where the authors were unavailable for cross-examination, the authenticity of the documents relied on the petitioner's discredited testimony, and the documents did not reveal independent knowledge of the petitioner's alleged persecution).

Putting aside Singh's testimony and the letters, the remaining evidence mainly consists of articles and background materials about the mistreatment of Sikhs in India and the enforcement of India's tenant verification laws (collectively, "background documents"). The background documents do not compel the conclusion that Singh suffered past persecution or has a well-founded fear of persecution. *See, e.g.*, *Berroteran-Melendez v. INS*, 955 F.2d 1251, 1257–58 (9th Cir. 1992) (holding that without credible testimony there was "no basis for the claim of past persecution," and petitioners also failed to satisfy the well-founded fear required for asylum and withholding of removal). Thus, the BIA's denial of asylum and withholding of removal is supported by substantial evidence.

The BIA's denial of CAT relief is also supported by substantial evidence because the background documents do not compel the conclusion that Singh

4                                                                                 22-1192

will more likely than not be tortured if removed to India.  *See Mukulumbutu v.*

*Barr*, 977 F.3d 924, 927–28 (9th Cir. 2020) (holding that without credible

testimony petitioner's "country conditions reports and other corroborating

evidence in the record including the letters from his family and acquaintances"

do not compel the conclusion that he "*personally* will face torture if he

returns").

   **PETITION DENIED.**