**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIN HE,

              Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 22-1470

Agency No.
A213-136-956

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023[**]
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

Petitioner Xin He seeks review of a Board of Immigration Appeals (BIA)

decision dismissing his appeal of the denial by an Immigration Judge (IJ) of asylum

and withholding of removal on the basis that Petitioner was found not credible. We

have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. We assume

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

familiarity with the underlying facts and arguments in this proceeding.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). Under this deferential standard, factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (citation and quotation marks omitted). Nevertheless, "[t]here is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination—our review will always require assessing the totality of the circumstances." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).

*First*, prior fraudulent visa applications submitted by Petitioner support the agency's adverse credibility determination. Petitioner knowingly submitted false information and documents in two visa applications in 2016. Petitioner admitted that he used an intermediary agency to prepare the applications, that he voluntarily and knowingly made false statements in his applications and interviews, and that he provided forged documents. The fraudulent applications were made at a time when

he did not fear persecution or torture, and the falsehoods he submitted to immigration officials were not motivated by any emergency or duress. *Cf. Akinmade v. INS*, 196 F.3d 951, 955 (9th Cir. 1999) (recognizing that a noncitizen's misrepresentation in a visa application made for the purpose of fleeing persecution may not support a negative credibility determination). In the circumstances here, "[Petitioner's] submission of false information in h[is] … visa applications are inconsistencies sufficient to support the adverse credibility determination." *Li v. Garland*, 13 F.4th 954, 960 (9th Cir. 2021); *see also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011).

*Second*, substantial evidence supports the agency's conclusion that Petitioner's testimony was inconsistent with medical records he submitted concerning treatment he and his mother received. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). Despite Petitioner's attempts to provide an innocent reading of these inconsistencies, the totality of the circumstances does not compel one, particularly given his admission that he knowingly submitted false visa applications in 2016.

Accordingly, the record does not compel this court to conclude Petitioner was credible under the totality of the circumstances, and substantial evidence supports

the agency's denial of all applications for relief for failure to meet the requisite burden of proof.

**PETITION DENIED.**