NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABRAHAM VEGA, | No. 22-156 |
| Petitioner, | Agency No. A073-923-221 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2024**
Pasadena, California

Before: RAWLINSON, MELLOY, and H.A. THOMAS, Circuit Judges.***

Abraham Vega petitions for review of an order from the Board of

Immigration Appeals (BIA) affirming a decision by an Immigration Judge (IJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Michael J. Melloy, United States Senior Circuit Judge for the Court of Appeals, 8th Circuit, sitting by designation.

denying his requests for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.[1] *See Alonso-Juarez v. Garland*, 80 F.4th 1039, 1054 (9th Cir. 2023). We deny the petition.

1. "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we 'look to the IJ's . . . decision as a guide to what lay behind the BIA's conclusion.'" *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). "Taking the totality of the circumstances into account, we review the BIA's credibility determination for substantial evidence." *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022) (quoting *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021)). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)); 8 U.S.C. § 1252(b)(4)(B).

The BIA and IJ determined that Vega was not credible due to Vega's demeanor during his testimony, and numerous inconsistencies in his testimony,

---

[1] The Government has withdrawn its argument that we lack jurisdiction.

and omissions from his declaration and interview with an asylum officer regarding the incident during which he claimed he was tortured. Among other inconsistencies and omissions, Vega failed to mention in his declaration that he had a bag over his head during the claimed torture, inconsistently characterized his relationship with the person he claimed his torturers were trying to find, and inconsistently described his medical treatment afterward. The agency also noted that Vega testified that he was beaten by police in Tijuana, even though he told an asylum officer that he encountered no violence or difficulties with police in Tijuana.

The inconsistencies and omissions in Vega's testimony are sufficient to support the agency's conclusion that the testimony was not credible. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021). And the agency was not required to credit Vega's assertion that some of these issues were the fault of a person who helped him prepare his declaration. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Additionally, we owe "special deference" to the IJ's determination that Vega's demeanor suggested dishonesty—particularly where, as here, the IJ identified "'specific instances' in the record that reflect suspect demeanor." *Dong v. Garland*, 50 F.4th 1291, 1298 (9th Cir. 2022) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010)).

Other than his declarations and testimony, Vega's applications for withholding of removal and CAT protection rest only on general country-

conditions evidence that the Mexican government and organized crime organizations sometimes engage in violence and torture. But this evidence does not compel the conclusion that Vega faces any particularized risk of persecution or torture within Mexico. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927–28 (9th Cir. 2020). Accordingly, the agency appropriately rejected Vega's claims.

2. Vega argues that the IJ violated his due process right to a reasoned decision by failing to make an express finding regarding whether Vega had been tortured. The IJ, however, provided a thorough decision explaining why Vega's testimony and declaration were not credible, and why the remaining evidence he submitted was not sufficient to support his claims. This explanation satisfied the agency's obligation to provide a reasoned decision. *Cf. Park v. Garland*, 72 F.4th 965, 979–80 (9th Cir. 2023).

**DENIED.**