**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUN CHEN,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 23-113<br><br>Agency No.<br>A208-415-915<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024**
Honolulu, Hawaii

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

Qun Chen ("Chen"), a native and citizen of China, petitions for review of an

order of the Board of Immigration Appeals ("BIA") denying his application for

asylum and withholding of removal. Chen challenges the agency's adverse

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

credibility determination. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the agency's decision for substantial evidence. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citing *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010)). We deny the petition.

In assessing an adverse credibility determination, we look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Under the substantial evidence standard, the agency's determinations are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia*, 749 F.3d at 789 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Chen alleged that he suffered past persecution and feared future persecution in China on account of his Christian religion. The agency identified several inconsistencies between Chen's credible fear interview, his testimony, and his corroborating evidence. The agency determined that these inconsistencies, taken together, "depriv[ed] his claim of the ring of truth" and thus denied his application.

The agency relied on the internal consistency and inherent plausibility of Chen's claims in evaluating the totality of the circumstances. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Most notably, Chen provided inconsistent testimony regarding his Christian beliefs and church attendance. The agency thus had concerns about the authenticity of Chen's claimed religiosity. These

inconsistencies, coupled with other discrepancies regarding the harm that he suffered, his employment status, and a prior visa application were sufficiently "specific and cogent" reasons for the adverse credibility determination. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1186–88 (9th Cir. 2016) (quoting *Shrestha*, 736 F.3d at 1044); *see also Jin v. Holder*, 748 F.3d 959, 966–67 (9th Cir. 2014) (upholding an adverse credibility finding based in part on the petitioner's lack of detailed testimony about his religious beliefs).

Some of the inconsistencies on which the agency relied were less probative of Chen's veracity, but "even minor inconsistencies may have a legitimate impact on a petitioner's credibility." *Li v. Garland*, 13 F.4th 954, 959, 961 (9th Cir. 2021) (quoting *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011)). And although Chen provided evidence to corroborate his claim, the agency permissibly concluded that the totality of the circumstances indicated that Chen was not credible.

In sum, "[t]he record does not compel the conclusion that the adverse credibility determination was erroneous." *Id.* at 961. The agency's denial of Chen's asylum and withholding claims is supported by substantial evidence. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED.**