**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



---

YSABEL VASQUEZ; JOMAR GARCIA-VASQUEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

---

No. 24-2397

Agency Nos.
A240-048-904
A220-961-018

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2025[**]
San Francisco, California

Before: FRIEDLAND and SUNG, Circuit Judges, and PITTS, District Judge.[***]

Ysabel Mercedes Vasquez-Torres and her minor son, natives and citizens of

Peru, petition for review of a decision by the Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable P. Casey Pitts, United States District Judge for the Northern District of California, sitting by designation.

("BIA") affirming the denial by an immigration judge ("IJ") of Vasquez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "the BIA adopts and affirms the IJ's decision by citing *Matter of Burbano*, it is adopting the IJ's decision in its entirety." *Lezama-Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011). Because the BIA also "provided its own review of the evidence and the law," we review "both the IJ and the BIA's decision." *Id.* (quoting *Joseph v. Holder*, 600 F.3d 1235, 1239-40 (9th Cir. 2010)). "We review factual findings, including adverse credibility determinations, for substantial evidence," and we review legal questions de novo. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). We must uphold factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Garcia*, 749 F.3d at 789).

1. Substantial evidence supports the agency's determination that Vasquez did not testify credibly. Assessing the "totality of the circumstances and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc)

---

[1] Vasquez and her son filed separate applications for asylum, but her son's application is premised on the same facts underlying Vasquez's claims for relief.

(alteration omitted) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), the agency identified material omissions and inconsistencies in Vasquez's asylum applications, her testimony, and her written declarations. Most significantly, Vasquez failed to disclose in her original asylum application and declaration that she was seeking asylum in part to escape alleged domestic violence perpetrated by her former partner. The asylum form asks applicants whether they have "ever experienced harm or mistreatment or threats in the past by anyone," yet Vasquez, who was represented by counsel, did not provide any information about the alleged abuse. Vasquez did not inform the agency of the allegations until she filed an amended asylum application and additional declaration more than one year later.

Although not every omission gives rise to an adverse credibility determination, "omissions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application." *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020). Vasquez's omission supports the agency's adverse credibility determination because those facts would have made her case for asylum a "more compelling story of persecution than the initial application." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (alterations omitted) (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016)). The agency reasonably concluded that Vasquez's initial explanation for the omission—that she forgot to mention it—was not

plausible given the alleged severity and duration of the abuse. And it reasonably declined to credit Vasquez's alternative explanation—that she was not aware until after she had filed her first asylum application that abuse by her former partner would support her asylum claim—because Vasquez failed to reconcile her contradictory explanations for the omission.

Substantial evidence also supports the agency's conclusion that there were additional inconsistencies between Vasquez's declarations and testimony, particularly with respect to the alleged robberies she experienced in Peru, the circumstances surrounding her decision to leave her home and stay with a friend, and the nature of her former partner's conviction for an unrelated crime. And the record supports the agency's determination that Vasquez did not produce sufficient documentary evidence to rehabilitate her credibility.

2. Vasquez argues that the IJ failed to give her an opportunity to explain the inconsistencies in her statements. But the record demonstrates that, during direct and cross examination, Vasquez had numerous opportunities to address the omissions and inconsistencies. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[T]he opportunity to explain may be provided through cross-examination by the government, or even direct examination by the [non-citizen's] own attorney[.]" (citation omitted)), *overruled on other grounds by Alam*, 11 F.4th at 1135-37. As discussed above, Vasquez explained that her description of those

incidents changed because she did not remember or did not think to mention them initially, but the agency did not find her explanations plausible.

3. In the absence of credible testimony or sufficient corroborating evidence, the agency properly concluded that Vasquez failed to establish eligibility for asylum or withholding of removal. *See Mukulumbutu*, 977 F.3d at 927.  The agency also properly denied Vasquez's claim for CAT relief, because that claim was based on the same allegations that the agency found to be not credible. Vasquez does not point to any other evidence in the record that would compel a conclusion that she would likely be tortured if removed to Peru.  *Id.*

Petition **DENIED**.[2]

---

[2] The temporary administrative stay of removal will remain in place until the mandate issues, and the motion to stay removal, Docket No. 2, is otherwise denied.