NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED



MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARINA DEL CARMEN GONZALEZ HERNANDEZ, | No. 25-2806 |
| | Agency No. A209-428-894 |
| Petitioner, | |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Marina Del Carmen Gonzalez Hernandez, a native and citizen of El Salvador,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

dismissing her appeal from an Immigration Judge's ("IJ's") denial of asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). "[T]he REAL ID Act requires that credibility determinations be made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Id.* at 1040 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). The Act "permits IJs to consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods to form the basis of an adverse credibility determination." *Barseghyan v. Garland*, 39 F.4th 1138, 1142–43 (9th Cir. 2022). And "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha*, 590 F.3d at 1041 (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Substantial evidence supports the agency's adverse credibility determination. The agency's determination rests on two sets of inconsistencies. The first stems from Gonzalez Hernandez's testimony about an encounter with her former partner,

Fernando. Gonzalez Hernandez's application for asylum and withholding of removal is based on her claim that Fernando abused her. Before the IJ, Gonzalez Hernandez explained that she fled to her mother's house to escape Fernando's abuse, but he came looking for her. Gonzalez Hernandez testified that her mother told Fernando she was not there. In her sworn declaration, however, Gonzalez Hernandez stated that her sister spoke to Fernando. When the IJ confronted Gonzalez Hernandez with the declaration, she changed her testimony and claimed it was her sister. But the letter her sister submitted to the agency does not mention the encounter.

The second set of inconsistencies stems from information Gonzalez Hernandez included on a visa application. On March 12, 2016, Gonzalez Hernandez applied for a nonimmigrant visa to visit the United States. She listed Isaias Wilfredo Vasquez Arevalo as her spouse and, at an interview on April 13, 2016, told the official they were common law married. But at the hearing before the IJ, Gonzalez Hernandez testified that she lived with Fernando from January 6, 2016 to August 15, 2016. When the IJ asked Gonzalez Hernandez why she claimed another man as her spouse during this period, she stated that she had only been on two dates with Isaias and they "didn't really have anything serious." In the same line of questioning, Gonzalez Hernandez also provided conflicting explanations about why she had applied for the visa.

These inconsistencies and contradictions support the agency's adverse credibility finding. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) ("[A]ny inaccuracies, omissions of detail, or inconsistencies found by the IJ, regardless of whether they go to the 'heart' of a petitioner's claim, may support an adverse credibility finding."); *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

Substantial evidence also supports the agency's finding that Gonzalez Hernandez's documentary evidence did not independently establish eligibility for asylum or withholding of removal. Gonzalez Hernandez submitted a sworn declaration, a country conditions report, and a letter written by her sister. But the agency reasonably determined that this evidence did not adequately corroborate her claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) ("[W]hen a petitioner contends that the IJ's findings are erroneous, the petitioner 'must establish that the evidence not only *supports* that conclusion, but *compels* it.'" (quoting *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998))). Without credible testimony or sufficient independent evidence, the agency properly concluded that Gonzalez Hernandez failed to establish eligibility for asylum or withholding of removal. *See Mukulumbutu*, 977 F.3d at 927.

Substantial evidence also supports the denial of CAT protection. "An adverse credibility determination is not necessarily a death knell to CAT protection."

*Shrestha*, 590 F.3d at 1048. For a petitioner to succeed when found not credible, the remaining evidence alone must compel the conclusion that she is "more likely than not" to be tortured upon removal. *Id.* at 1049 (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006)). Gonzalez Hernandez contends that the record shows violence against women is a serious problem in El Salvador. But the documentary evidence does not meet the high threshold of establishing that it is more likely than not she will be tortured by or with the consent or acquiescence of a public official. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (recognizing "the extremely high threshold of future torture required by statute" and holding that petitioner failed to meet it). This is especially so because Gonzalez Hernandez's CAT claim is based on the same testimony "that the BIA determined to be not credible in the asylum context." *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (citation modified). No evidence in the record compels us to conclude that Gonzalez Hernandez is entitled to CAT relief.

The temporary stay of removal shall remain in place until the mandate issues. The motion for a stay of removal (Dkt. No. 2) is otherwise denied.

**PETITION DENIED.**