NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

GURPAWAN SINGH SINGH,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-491

Agency No.
A245-233-926

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026[**]
Seattle, Washington

Before: HAWKINS and TUNG, Circuit Judges, and MATSUMOTO, District Judge.[***]

Petitioner Gurpawan Singh Singh ("Singh"), a native and citizen of India,

challenges a decision from the Board of Immigration Appeals ("BIA") affirming

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

without opinion the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. Petitioner's applications were based upon his fear of political violence due to his affiliation with the Shiromani Akali Dal (Amritsar) Party. We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252. Where the BIA affirms an IJ's decision without opinion under 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision "as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (citation omitted). We review the agency's factual findings, including credibility determinations, for substantial evidence. *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022).

We deny the petition. Substantial evidence supports the BIA's denial of Petitioner's claim for eligibility for asylum, withholding of removal, and CAT protection, which was based upon the IJ's factual determination that Petitioner lacked credibility. An IJ "may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements … the internal consistency of each such statement, the consistency of such statements with other evidence of record … and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or

any other relevant factor." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C).

The IJ found Petitioner not credible for several reasons: (1) factual inconsistencies between Petitioner's in-court testimony and Petitioner's supporting affidavits; (2) factual omissions in Petitioner's applications for relief; (3) Petitioner's overly nervous demeanor during his hearing; (4) Petitioner's unresponsiveness to the IJ's instructions during his hearing; and (5) lack of specificity and detail in Petitioner's testimony regarding details that the applicant would reasonably be expected to recall. The IJ also evaluated Petitioner's documentary materials— affidavits of support, documentary evidence of party membership, and evidence of country conditions—and found that those materials did not corroborate Petitioner's testimony or establish eligibility for relief.

Petitioner's contention that the IJ's decision lacked substantial evidence fails. At the outset, Petitioner challenges only one of the five credibility findings made by the IJ. As to that one challenge he preserved, Petitioner argues that the IJ "gave undue weight to minor inconsistencies between [his] in-court testimony and the supporting affidavits." But that argument essentially asks us to reweigh evidence that the IJ already examined, which is "impermissible," *Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007), unless "the evidence compels a conclusion contrary to the [agency's]," *Kalulu v. Bondi*, 128 F.4th 1009, 1013–14 (9th Cir. 2024) (citation omitted). No such evidence exists here. The IJ's factual determinations are fatal

to Singh's requests for asylum, withholding of removal, and CAT protection.  *See*

*Ani v. Bondi*, 155 F.4th 1118, 1131 (9th Cir. 2025); *Mukulumbutu v. Barr*, 977 F.3d

924, 927–28 (9th Cir. 2020).

**PETITION DENIED.**